IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**SAMUEL CHRISTOPHER GOLDEN,**

    **Plaintiff,**

v.                                               Case No. 4:23-cv-396-AW-MAF

**RICKY DIXON, MARK INCH, ERROL
FELDMAN, and ROBERT PICKENS,**

    **Defendants.**

_____/

## ORDER GRANTING MOTION TO QUASH AND MOTION TO DISMISS

Plaintiff Samuel Golden, a pro se prisoner, sued four prison officials, including Florida Department of Corrections (FDC) Secretary Ricky Dixon in his official capacity. ECF No. 1. Golden alleges that Defendants devised a plan to deprive prisoners of their property. *Id.* ¶ 5. To implement their plan, Golden alleges, Defendants had the FDC instruct prisoners to turn in their current tablets for new ones, after which the prison retained the old tablets for financial reasons. *Id.* ¶¶ 16-21. Golden asserts a conspiracy claim against all Defendants (except Dixon) and asserts a Fifth Amendment Takings Clause claim and a Due Process claim against Dixon. *Id.* at 7-8.

Defendants Feldman and Pickens moved to quash service of process, alleging they were never properly served. ECF No. 23. Dixon and Inch moved to dismiss for failure to state a claim. ECF No. 26. The magistrate judge issued a report and

1

recommendation concluding the court should grant both motions. ECF No. 30. Having carefully considered the matter, and having considered de novo the issues raised in Golden's objections (ECF No. 31), I now adopt the report and recommendation in part, and I grant both motions.

## I.

I adopt the report and recommendation as to the motion to quash and incorporate its discussion of that motion (on pages 3-9) into this order.

## II.

Turning to the motion to dismiss, I agree with the magistrate judge that dismissal is appropriate.

Pro se complaints are held to less stringent standards than those drafted by attorneys. *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (citing *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)). Still, they must provide the factual grounds of entitlement to relief, not mere "labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). They must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

There are not sufficient factual allegations here because, as Defendants Dixon and Inch point out, Golden never alleges that his tablet was taken. ECF No. 26 at 5. Golden pleaded that (1) a policy to turn in tablets was created, (2) that policy was

later rescinded, and (3) any tablets turned in pursuant to the policy were not returned. ECF No. 1 ¶¶ 16-18. But his complaint never alleged his tablet was taken. Quite the opposite: he says the policy was "rescinded altogether, allowing plaintiff to possess his purchased JP5 tablet." *Id.* ¶ 17.

Golden apparently acknowledges this error in his pleading, stating "it appears that plaintiff's complaint was inadequately pled." ECF No. 31 ¶ 14. Indeed, with his still possessing his tablet, he cannot assert a Takings Clause claim, a Due Process violation, or any harm stemming from any alleged conspiracy. All these depend on some lost property interest, which Golden has not alleged.

Dixon and Inch also argued that if Golden's tablet had been taken, his claim would still fail because he "does not allege that the tablet was seized for public use." ECF No. 26 at 4-5. That gets the law backward. The Takings Clause precludes taking property for public use without just compensation. But that does not mean the government can freely take property for *other than* public use. *See Kelo v. City of New London, Conn.*, 545 U.S. 469, 477 (2005) ("[I]t has long been accepted that the sovereign may not take the property of A for the sole purpose of transferring it to another private party B, even though A is paid just compensation."); *see also id.* ("[T]he City would no doubt be forbidden from taking petitioners' land for the purpose of conferring a private benefit on a particular private party."). This court's decision in *Support Working Animals, Inc. v. DeSantis*, 457 F. Supp. 3d 1193, 1215

3

(N.D. Fla. 2020)—which Defendants cite to support their position, ECF No. 26 at 4—does not hold otherwise. Although the case refers to "public use," it still only holds that the government may use its police power to outlaw certain uses of property. *Support Working Animals*, 457 F. Supp. 3d at 1215 ("It is well-settled that there is no taking for 'public use' where the government acts pursuant to its police power."). The bottom line is that a Takings Clause claim does not require a showing that the property taken was taken for public use—as opposed to some other use.

## CONCLUSION

The motion to quash service of process (ECF No. 23) is GRANTED, and Golden will have an additional 60 days to effect service on Feldman and Pickens. The motion to dismiss (ECF No. 26) is GRANTED, and the claims against Dixon and Inch are dismissed with leave to amend. Golden will have fourteen days to file an amended complaint.

The magistrate judge will conduct further appropriate proceedings.

SO ORDERED on September 25, 2024.

s/ *Allen Winsor*  
United States District Judge